# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-07-00638-CV

---

**Southwestern Bell Yellow Pages, Appellant**

**v.**

**Susan Combs, Successor to Carole Strayhorn, Comptroller of Public Accounts of the State of Texas; and Greg Abbott, Attorney General of the State of Texas, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-06-004500, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

## C O N C U R R I N G   O P I N I O N

Although I agree that the printed material at issue in this case is not exempt from use tax pursuant to tax code section 151.011(a), I do not agree with the majority's rationale and reading of section 151.011(a). The majority reads the portion of section 151.011(a) added by the legislature in 2003 as meaning that the legislature intended the use tax to apply to tangible personal property that has been processed, fabricated, or manufactured into other property or attached to or incorporated into other property transported into this state *except for* printed material that has been processed, fabricated, or manufactured into other property or attached to or incorporated into other property. The majority interprets this to mean that section 151.011(a) excludes from the use tax "only printed material that is itself a component part of a final product." This interpretation makes the applicability of section 151.011(a) to printed material turn on whether the printed material is "processed, fabricated, manufactured, attached to, or incorporated into other property" or "a

component part" of some other "final product." I do not believe this to be a correct reading of section 151.011(a), and I am of the view that it will promote additional confusion in the area of use tax on tangible personal property purchased outside of Texas and brought into the state.

For many years prior to 2003, printed material purchased outside of Texas and transported into Texas was subject to use tax under the theory that printed material was "tangible personal property." This view of the pre-2003 version of section 151.011(a) was confirmed by this Court in *May Department Stores Co. v. Strayhorn*, No. 03-03-00729-CV, 2004 Tex. App. LEXIS 7681 (Tex. App.—Austin Aug. 26, 2004, pet. denied) (mem. op.). *May Department Stores* was not reviewed by the Texas Supreme Court, and the legislature has not amended the statute since the decision was published. In response to another case decided by this Court in 1997, *Sharp v. Morton Buildings, Inc.*, 953 S.W.2d 300 (Tex. App.—Austin 1997, pet. denied), the legislature amended section 151.011(a) in 2003 to add a clause that clarified that tangible personal property that has been processed, fabricated, or manufactured into other property or attached to or incorporated into other property transported into this state—e.g., component parts of some other final product—is tangible personal property subject to use tax. The legislature exempted printed material from this clarification. Consequently, the clause in the statute added by the 2003 amendment does not speak to the taxation of printed material at all. It speaks to the taxation of components of tangible personal property *other than printed material*, and clarifies that such items are included in the scope of tangible personal property subject to use tax. The clause at issue does not purport to describe every type of tangible personal property subject to use tax. It is not a comprehensive definition of everything that is included in the term "tangible personal property." It was meant to make clear that

2

the interpretation of the statute as set out in *Morton Buildings*, that effectively excluded a certain class of items, was not the way the legislature wanted the use tax statute to work.

The taxation of printed material for use tax purposes was set out in *May Department Stores* and was not altered by the 2003 amendment to section 151.011(a). In fact, printed material was expressly excluded from the amendment. I believe the appropriate interpretation of the legislature's action in amending section 151.011(a) in 2003 is to say that whatever items the legislature wanted to make sure are included in the term "tangible personal property" with the addition of the amendment, it did not intend to address printed material with the amendment at all. Under this interpretation, the taxation of printed material is not affected by the legislature's 2003 amendment and continues unchanged.

The majority's interpretation of the 2003 amendment will change the taxation of printed material, albeit not in the way Southwestern Bell requests. The majority reads the new amendment to say that components of some final product are subject to use tax *unless the component is printed material in which case it is not subject to use tax at all*. However, the statute does not say this. The statute provides that tangible personal property—other than printed material—that is incorporated into other property is included in the definition of tangible personal property for the purposes of use tax. This clause does not tell us what happens to printed material. We must look somewhere else other than this clause for guidance on printed material. This guidance is available. The unamended portion of section 151.011(a) has been interpreted to include printed material within the scope of tangible personal property subject to use tax. *See May Dep't Stores*, 2004 Tex. App. LEXIS 7681, at *27-28. That portion of the statute remained unchanged by the 2003 amendment.

3

Therefore, I believe the better interpretation of section 151.011(a) is that the taxation of printed material was unaffected by the 2003 amendment.

In addition, the majority's interpretation will create new and potentially confounding fact issues to unravel in order to determine whether printed material transported into this state is subject to use tax. Under the majority's view, there are now two categories of printed material: (1) printed material that is a component of some final product, and (2) printed material that is a final product itself. One type of printed material will now be subject to use tax and the other will not. The problem will be determining to which of these two new categories one's printed materials belong. When is printed material a component of a final product, and when is it a final product itself? I can see this as a potentially very difficult and fact-intensive question. I do not believe this was a dichotomy the legislature was intending to create in 2003 when it was addressing the *Morton Buildings* issue. Had the legislature intended to make a dramatic departure from *May Department Stores*, it would have done so in a more straightforward and apparent manner. The majority in this case makes such a departure from *May Department Stores* and changes the law with respect to the taxation of printed material in a significant way. This change is not required by the 2003 amendment to section 151.011(a). Consequently, I concur in the judgment only.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Filed: January 30, 2009

4